AO 451 (Rev. 01/09; DC 4/10) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Susan Weinstein, et al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 00-2601 (RCL) |
| Islamic Republic of Iran, et al., ) | |
| *Defendant* ) | |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 11/25/2014.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: 02/13/2026



*ANGELA D. CAESAR, CLERK OF COURT*

Byron M Lee Jr. Digitally signed by Byron M Lee Jr.
Date: 2026.02.13 10:50:26 -05'00'

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Susan Weinstein**, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil No. 00-2601 (RCL) |
| **Islamic Republic of Iran**, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court entered a default judgment in favor of plaintiffs by an Order and Judgment dated February 6, 2002. ECF No. 23. Pending before the Court is plaintiffs' motion to revive that judgment pursuant to sections 15-101 and 15-103 of the District of Columbia Code. Pl.'s Mot. to Revive J., ECF No. 91. For the reasons that follow, plaintiffs' motion is **GRANTED**.

Under D.C. Code § 15-101, every final judgment rendered in this Court "is enforceable, by execution issued thereon, for the period of twelve years only from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof." *Id.* Judgment in this case was rendered pursuant to the Foreign Sovereign Immunities Act ("FSIA"), which does not permit "attachment or execution" on a judgment against a foreign state until a "reasonable time" has elapsed following (1) the entry of judgment and (2) service of a copy of any default judgment on the defendant foreign state as required by section 1608(e) of the FSIA. 28 U.S.C. 1610(c). The Court's Order and Judgment was served upon defendants on July 15, 2002. ECF No. 29. Thus, plaintiffs' judgment only became "enforceable by execution issued thereon" after a "reasonable time" had elapsed from July 15, 2002. A corollary to this fact is that the twelve year limitations clock on this judgment only began running on the date when this reasonable time period had elapsed.

The Court does not appear to have previously stated in this case the precise date that plaintiffs' judgment became enforceable. In determining what constitutes a reasonable time under the FSIA, courts are to consider "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001). In *Ned Chartering*, the Court concluded that six weeks was a reasonable time because, in part, this period was "sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets" and because there was "no evidence that the defendant ha[d] taken any steps towards the payment of its debt." *Id.* For similar reasons, the Court concludes that plaintiffs' judgment in this case became enforceable by execution six weeks from July 15, 2002.

Plaintiffs' judgment, therefore, expired during the last week of August this year. Nonetheless, a court may still order revival if plaintiffs' motion for revival was filed before expiration of the judgment. *See Nat'l Bank of Washington v. Carr*, 829 A.2d 942, 944 (D.C. 2003) (citing *Michael v. Smith*, 221 F.2d 59, 61 (D.C. Cir. 1955)) (concluding that a motion to revive a judgment under D.C. Code § 15-101 which was filed before expiration of the limitations period was timely and the court could order revival even if the order was issued after the twelve year period's expiration). Plaintiffs' motion, filed on August 4, 2014, was timely. *See* Mot. to Revive J.

The District of Columbia Court of Appeals has held that if no defense is offered showing cause why the judgment should not be revived, a trial court should grant a motion for revival. *Nat'l Bank*, 829 A.2d at 945 (citing *Michael*, 221 F.2d at 61). Such defenses could include release, payment, or discharge of judgment. *Id.* No defenses have been raised and defendants

2

Case 1:01-cv-02684-RCL   Document 114   Filed 11/25/14   Page 4 of 6

have not appeared.  The Court shall grant the motion to revive.

Section 15-103 states that an order of revival extends the effect and operation of the judgment for a twelve year period "from the date of the order." D.C. Code § 15-103.  Therefore, plaintiffs' judgment shall be revived for twelve years from this date.

For the reasons stated above, it is hereby

**ORDERED** that plaintiffs' motion is **GRANTED** and this Court's Judgment issued February 6, 2002 is hereby revived; and it is further

**ORDERED** that, in accordance with D.C. Code § 15-103, the twelve year limitations period applicable to the Judgment revived by today's Order shall expire twelve years from this date.

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on November 25, 2014.



**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK

Byron M Lee Jr.
Digitally signed by Byron M Lee Jr.
Date: 2026.02.13 10:54:11 -05'00'

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN WEINSTEIN, et al.,                )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )   Civil Action Number 00-2601 (RCL)
                                        )
THE ISLAMIC REPUBLIC OF IRAN,           )
et al.,                                 )
                                        )
            Defendants.                 )
_____)

FILED
FEB 6 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER and JUDGMENT

In accordance with the Memorandum Opinion issued this date, it is hereby

ORDERED that judgment be and it is entered on behalf of Plaintiffs, Susan Weinstein and Jeffrey A. Miller, as co-administrators of the Estate of Ira William Weinstein against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, and Ali Fallahian-Khuzestani, jointly and severally, for loss of accretions to the Estate of Ira William Weinstein in the amount of $248,164, said amount to be apportioned in accordance with the intestate laws of the State of New York; further, it is

ORDERED that judgment be and it is entered on behalf of Plaintiffs Susan Weinstein and Jeffrey A. Miller, as co-administrators of the Estate of Ira William Weinstein against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, and Ali Fallahian-Khuzestani, jointly and severally, for the conscious pain and suffering of Ira William Weinstein in the amount of TEN MILLION DOLLARS ($10,000,000), said amount to be apportioned in accordance with the

intestate laws of the State of New York; further, it is

ORDERED that judgment be and it is entered on behalf of Ira William Weinstein's surviving spouse and surviving children, Plaintiffs Susan Weinstein, Joseph Weinstein, Jennifer Weinstein Hazi, and David Weinstein against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, and Ali Fallahian-Khuzestani, jointly and severally, for solatium, in the total amount of TWENTY-THREE MILLION DOLLARS ($23,000,000), allocated as follows: to Decedent's wife, Susan Weinstein, EIGHT MILLION DOLLARS ($8,000,000); to Decedent's son, Joseph Weinstein, FIVE MILLION DOLLARS ($5,000,000); to Decedent's daughter Jennifer Weinstein Hazi, FIVE MILLION DOLLARS ($5,000,000); to Decedent's son David Weinstein, FIVE MILLION DOLLARS ($5,000,000); further, it is

ORDERED that judgment be and it is entered on behalf of Plaintiffs, Susan Weinstein and Jeffrey A. Miller, as co-administrators of the Estate of Ira William Weinstein against Defendant, the Iranian Ministry of Information and Security, for punitive damages in the amount of ONE HUNDRED FIFTY MILLION DOLLARS ($150,000,000); further, it is

ORDERED that the Clerk of the Court shall cause a copy of this Order and Judgment and the accompanying Memorandum Opinion to be translated into Farsi and transmitted to the United States Department of State for diplomatic service upon the Defendants in accordance with the provisions of 28 U.S.C. § 1608(a)(4), with the costs of translation to be paid by the Plaintiffs.

SO ORDERED.

Date: 2-6-02

Royce C. Lamberth
United States District Judge

ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK

Byron M Lee Jr. Digitally signed by Byron M Lee Jr. Date: 2026.02.13 10:48:30 -05'00'